CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
October 02, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Michael W. Coleman, Jr., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:25-cv-00646 |
| S.W.V.R.J.A (Haysi Facility) *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael W. Coleman, Jr., an incarcerated individual proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. Coleman claims his rights have been violated in connection with a denial of suboxone. Coleman submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*. (Dkts. 2, 4.)

While the court finds that Coleman qualifies to proceed without prepayment of fees or costs, it also finds that the complaint in this action fails to state a viable claim upon which relief could be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

### I.   Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute

"is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face. *See Iqbal*, 556 U.S. at 678.

## II.     Analysis

Coleman's complaint fails to state a claim upon which relief can be granted because he does not name a proper defendant to his claims. He named as Defendants to this action only S.W.R.J.A. (Haysi Facility) and Wexford Health. (Dkt. 1 at 1.) In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a particular person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the

United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). A jail is not a "person" subject to suit under § 1983. *Perdue v. Penalosa*, 38 F.3d 1213, 1213 (4th Cir. 1994); *Blaydon v. Sw. Virginia Reg'l Jail-Duffield*, No. 7:23-cv-00340, 2024 WL 69828, at *1 (W.D. Va. Jan. 5, 2024). Although a legal entity that operates a jail may be a proper defendant in some circumstances, *see Hixson v. Hutcheson*, Nos. 5:17-cv-00032, 5:18-cv-00001, 2018 WL 3715763, at *7–8 (W.D. Va. Aug. 3, 2018), Coleman has not alleged any such circumstances here. Accordingly, the named jail does not appear to be a proper defendant in this action.

Coleman additionally named Wexford Health as a Defendant, but he has specified no actions or inactions of Wexford Health that he contends give rise to liability. Dismissal of a Defendant named only in the caption of the case is appropriate when the complaint fails to include any allegations specific to that Defendant. *See Harris v. City of Virginia Beach*, 11 F. App'x 212, 214–15 (4th Cir. 2001) (upholding dismissal of five defendants because of lack of allegations of personal involvement).

The court often permits plaintiffs an opportunity to identify proper defendants prior to dismissal. But Coleman's complaint also indicates another issue with his claims—a lack of exhaustion. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "PLRA's exhaustion requirement is mandatory." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Exhaustion is required

even if the administrative remedies do not meet federal standards, are not "plain, speedy, and effective," and even if the relief sought, such as monetary damages, is not available through the grievance process. *Porter*, 534 U.S. at 524.

The PLRA also requires that an inmate must exhaust available administrative remedies "*before* bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (emphasis added). The requirement that a prisoner exhaust before filing in court allows defendants to address complaints before being sued, reduces litigation if grievances are satisfactorily resolved, and improves subsequent litigation by leading to the preparation of a useful record. *See Porter*, 534 U.S. at 524–25.

Here, Coleman's complaint admits that he has not pursued the exhaustion process based on the incorrect assertion that it is not needed. (Dkt. 1 at 2.) Therefore, the court dismisses this action at the outset to give Coleman an opportunity to complete the grievance process to the extent possible and to identify the particular persons that allegedly violated his rights. Because the court's dismissal of this action is without prejudice, Coleman may refile his claims without penalty in a new civil action, but he is encouraged to resolve these threshold issues before doing so.

### III.   Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint **without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to Coleman and **CLOSE** the case.

**IT IS SO ORDERED.**

**ENTERED** this 2nd day of October, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE